■ In the Matter of CLASS CARTING OF CLARKSTOWN, INC., Respondent, v CLARKSTOWN SANITATION COMMISSION, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Clarkstown Sanitation Commission which, after a hearing, denied the application of the petitioner Class Carting of Clarkstown, Inc., for a commercial carting license, the Clarkstown Sanitation Commission appeals from a judgment of the Supreme Court, Westchester County (Herold, J.), entered June 11, 1988, which annulled its determination and directed that a license be issued to the petitioner.

Ordered that the judgment is affirmed, with costs.

As part of its 1987 application for a commercial carting license, the petitioner Class Carting of Clarkstown, Inc., was required to fill out a questionnaire in which, inter alia, it had to list all convictions and/or arrests of its stockholders, officers and directors. On the application, the petitioner's sole share-

holder failed to include a 1960 youthful offender adjudication and the fact that a 1980 disorderly conduct violation was the result, *inter alia,* of an unlawful possession of marihuana charge. The Clarkstown Sanitation Commission (hereinafter the Commission) denied the petitioner's request for the license on the ground that these omissions constituted willful misrepresentations of material facts. The petitioner then commenced this proceeding pursuant to CPLR article 78 challenging the denial of its request for a license.

We find that the Supreme Court properly annulled the determination of the Commission and directed that a license be issued to the petitioner. Contrary to the Commission's contention, there was no proof that the petitioner willfully failed to disclose the omitted information *(see, Matter of Cacchioli v Hoberman,* 31 NY2d 287). In view of the foregoing, we reach no other issue on this appeal. Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.